# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**AMY LOKEY POSEY,**

**Plaintiff,**

**-vs-**                                              **Case No.  6:14-cv-1048-Orl-37DAB**

**COMMISSIONER OF SOCIAL
SECURITY,**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR AN AWARD OF ATTORNEY'S FEES PURSUANT TO EAJA (Doc. No. 31)** |
| **FILED:** | **June 9, 2015** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**, in part, to the extent not mooted by the filing of the Amended Motion (Doc. 36).

| | |
|---|---|
| **MOTION:** | **AMENDED MOTION FOR ATTORNEY'S FEES (Doc. No. 36)** |
| **FILED:** | **June 23, 2015** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part.

Plaintiff's application for fees follows the issuance of an Order and entry of Judgment reversing the decision of the Commissioner of Social Security with respect to Plaintiff's claim for benefits, and remanding the case pursuant to sentence four of 42 U.S.C. § 405(g).

Pursuant to the Equal Access to Justice Act, a party can recover an award of attorney's fees against the government provided that the party seeking the award is the prevailing party; the application for such fees, including an itemized justification for the amount sought, is timely filed; the position of the government is not substantially justified; and no special circumstances are present which would make an award unjust. Title 28 U.S.C. § 2412(d)(1)(A).

In the motion, Plaintiff moves for an award of attorney's fees in the amount of $6,882.00, calculated at the rate of $186.00 per hour for 37 hours of work.[1]  Counsel claims that "every single hour expended was necessary to: (1) produce exceptionally high quality briefs; and (2) achieve such an exceptionally favorable result for Plaintiff." The Petition includes a proposed Order that provides: "Subject to any offset under the Treasury Offset Program, payment of this award shall be made via the Law Offices of Chermol & Fishman, LLC. If EAJA fees and costs are not subject to any offset and an assignment is provided to SSA, the award shall be paid directly to the order of David F. Chermol, Esquire." (Doc. 31-2).

In the motion, Plaintiff's counsel represents that he has conferred with counsel for the Commissioner, without success.  In response brief (Doc. 32), the Commissioner takes issue with that representation, objects to the number of hours claimed as being unreasonably high, asserts that no more than 30 hours total is reasonable, and requests that any fees awarded be made payable to Plaintiff and not Plaintiff's counsel.  The Court allowed a reply brief, and Plaintiff responded with an angry retort that 1) "Counsel Chermol of course complied with Rule 3.01(g) as that is his firm's routine practice in this jurisdiction and dozens of others across the United States, even where it is not required, for the past 7+ years;" 2) claims the opposition was "absolutely pointless;" and 3) asserts that the Commissioner's opposition brief "ruin[ed] the vacation in Portugal counsel Chermol had

---

[1]In a Declaration, counsel avers that he has exercised billing judgment and is only seeking compensation for 37 hours of the 41.9 actually expended (Doc. 31-1).

purchased for his girlfriend of 16 years as a special birthday gift" (Doc. 35). Nonetheless, "to save the Court time, counsel for Plaintiff will agree to the total amount suggested in SSA's opposition, a document which absolutely never should have been filed." *Id.* Plaintiff then filed the Amended Motion, which seeks compensation for only 30 hours.

Upon review, the Court finds the requirements for an award have been met. Plaintiff is the prevailing party; the motion is timely; there is no suggestion that the position of the Commissioner on the merits was substantially justified; and no special circumstances are present which would make an award unjust. While the Court disagrees that the quality of the briefing or the result achieved was "exceptional"[2] and finds the tone of the reply brief to be inappropriate, the Court finds the amount of total hours claimed, as modified by the response and amended motion (30 hours), to be reasonable, considering the length of the transcript and the amount of issues raised. As for the hourly rate, Plaintiff has shown that the statutory rate of $125 per hour should be adjusted to account for a cost of living increase. *See Meyer v. Sullivan*, 958 F.2d 1029, 1034 (11th Cir. 1992) (court must consider cost of living increases when awarding attorney fees under Equal Access to Justice Act); *Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990) (CPI is appropriate proof of cost of living increase and justifies higher award than statutory rate). As such, the total amount requested, as amended, is appropriate under the EAJA.

With respect to the request for the Court to authorize the government to accept the tendered assignment and pay any EAJA award directly to counsel, any agreement between the parties as to payment of the judgment is outside the purview of the judgment, and the parties may make whatever collection arrangements that they wish. For present purposes, the Court declines to order the government to reimburse counsel directly. *See Astrue v. Ratliff*, 560 U.S.586, 130 S. Ct. 2521, 177

---

[2]Reversal and remand of an administrative decision is not that unusual in this District and the reversal in this case had more to do with the facts and the law than with the quality of the brief.

L.Ed. 2d 91 (2010) (EAJA attorney fees are awarded to the prevailing party, not to the prevailing party's attorney).

It is therefore **respectfully recommended** that the motions be **granted, in part** and the Clerk be directed to enter judgment for attorney's fees in the amount of $5,580.00, in Plaintiff's favor.

A party failing to file written objections to a magistrate judge's findings or recommendations contained in this report within fourteen (14) days from the date of its filing waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.

Recommended in Orlando, Florida on June 24, 2015.

*David A. Baker*
_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy